UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SCHWAAB, INC.,

    Plaintiff,

  v.                                                   Case No. 09-C-1179

J.P. COOKE COMPANY,

    Defendant.

---

**DECISION AND ORDER ON DEFENDANT'S MOTION TO TRANSFER VENUE**

---

### I. BACKGROUND

On November 24, 2009, the plaintiff, Schwaab, Inc. ("Schwaab") commenced this action by filing a Complaint in the Milwaukee County Circuit Court naming J.P. Cooke Company ("JPC") as the defendant. In its Complaint Schwaab alleges, *inter alia*, that it is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin and that JPC is a Delaware corporation with its principal place of business in Omaha, Nebraska. Schwaab asserts claims against JPC for trade libel, tortious interference with business advantage or contract, and unfair trade practices in violation of the Lanham Act, 15 U.S.C. § 1125.

On December 23, 2009, the defendant removed the case to this court pursuant to 28 U.S.C. § 1441, asserting that this court has original jurisdiction under 28 U.S.C. § 1331 because the plaintiff's Complaint includes a claim founded on the Lanham Act.

On December 30, 2009, the defendant filed its Answer and Affirmative Defenses. The filing of its Answer was followed, on January 6, 2010, by its filing of a motion to transfer venue of the case to the Eastern District of Kentucky, pursuant to 28 U.S.C. § 1404(a). That motion is now fully

briefed and is ready for resolution. For the reasons that follow, JPC's motion to transfer venue will be denied.

In assessing the propriety of transferring this case, the court will consider the parties' pleadings as well as any affidavits/declarations that are submitted on that issue. According to the defendant, Schwaab is asserting claims for trade libel, tortious interference with a business advantage or contract, and a violation of 15 U.S.C. § 1125 (Lanham Act). Again, according to the defendant, Schwaab is seeking damages for the loss of Kentucky customers, the loss of sales in Kentucky, and the expenditure of time and resources to minimize the impact of the alleged conduct of JPC's representative in Kentucky.

Referring to the plaintiff's Complaint, JPC states the following:

> The plaintiff, Schwaab, Inc. ("Schwaab"), manufactures and sells stamps. The J.P. Cooke Company ("J.P. Cooke") also manufactures and sells stamps across the United States. Schwaab and J.P. Cooke are competitors. As noted in Schwaab's Complaint, J.P. Cooke is a Delaware corporation with its principal place of business located in Omaha, Nebraska. Schwaab and J.P. Cooke both conduct business in Kentucky and have done so for many years.
>
> Schwaab's Complaint focuses on actions allegedly taken by Sheila Pickering, a sales representative for J.P. Cooke. Pickering and her husband, Dan Pickering, are independent contractors for J.P. Cooke and they reside in Richmond, Kentucky. The Pickerings are authorized to market and sell J.P. Cooke products in Kentucky. Schwaab alleges that on or about August 10, 2009, Sheila Pickering falsely "advised a representative of Picadome Elementary School ("Picadome") that Schwaab was no longer in business." According to Schwaab, Pickering also advised the Picadome representative that Schwaab no longer had a "vendor number" with the school district, suggested that Schwaab was not authorized to conduct business with the school, and took an index card containing Schwaab's contact information from the Picadome representative and tore it up. Schwaab alleges that "[a]round this same time, a number of schools in Picadome's district [in Kentucky] ceased doing business with Schwaab. Picadome is located in Lexington, Kentucky and is one of 54 schools in the Fayette County, Kentucky school district.
>
> . . . .
>
> The likely non-party witnesses in this case – Sheila and Dan Pickering, representatives of Picadome Elementary School, and representatives of other schools

> in the Fayette County, Kentucky school district – live and work in Kentucky. The allegedly wrongful conduct identified in Schwaab's Complaint took place in Kentucky. This case has virtually no connection to the State of Wisconsin and should be transferred to the United States District Court for the Eastern District of Kentucky.

(Def.'s Br. at 2-3; internal citations to docket entries omitted.)

Schwaab responds to the defendant's motion by arguing that JPC is taking a selectively myopic view of Schwaab's Complaint. Schwaab asserts that its "suit is based upon Schwaab's belief that JPC is encouraging or instructing JPC sales representatives: (1) to make false and disparaging statements about Schwaab; and (2) to misrepresent themselves as Schwaab representatives when helpful in making a sale." (Pl.'s Br. at 1.) Schwaab asserts that what the Complaint alleges regarding Sheila Pickering's conduct in Kentucky is merely one example of what JCP's representatives are doing that harms Schwaab. Another example is set forth in Scwhaab's Amended Complaint (which was filed on January 25, 2010).[1]

> [I]n September 2009, Kurt Fahey [("Fahey")], a JPC representative, falsely represented himself as a Schwaab representative located in Kansas City, KS to a Schwaab customer in order to solicit an order from the customer for JPC. [Fahey] advised the customer that the stamps they had ordered would say "JP Cooke" on them, but that the customer should not be concerned; the stamps were really manufactured by Schwaab. Based upon [Fahey's] comments, the customer believed she was purchasing products from, and manufactured by, Schwaab.

(Pl.'s Br. at 2; quoting from Amended Complaint.)

In the end, Schwaab argues that, while the Complaint and Amended Complaint refer to these two examples, such examples "do not constitute an exhaustive list of JPC's wrong-doing," and "Schwaab believes that they merely reflect the effects of a broader strategy implemented by JPC to thwart Schaab's competition using false and disparaging statements." (Pl.'s Br. at 2-3.) Schwaab

---

[1] According to Schwaab, while the Kansas example was generally described in Schwaab's initial Complaint, Schwaab did not specify the location of that incident in the initial Complaint. In its Amended Complaint it specifically alleges the incident to have occurred in Kansas City, Kansas.

3

argues that "JPC ignores the fact that witnesses relevant to Schwaab's broader allegations – allegations that implicate the decisions made by JPC employees at JPC's headquarters in Nebraska and the actions of its sales force in implementing those decisions – are located in Nebraska and elsewhere across the country. The grant of JPC's motion would also turn a blind eye to those witnesses in Kansas who possess testimony relevant to the Kansas Incident." (Pl.'s Br at 3.)

In further support for its position that this case should not be transferred to Kentucky, on February 22, 2010, Schwaab filed a Local Rule 7.4 Non-Dispositive Expedited Motion seeking to supplement its previous filings with the Declaration of its president, Doug Lane ("Lane").[2] According to Lane's Declaration, on February 17, 2010 he learned from one of Schwaab's inside sales representatives, Chris Cluka, that "an ex-Schwaab sales representative now employed by J.P. Cooke Company ("JPC"), Lindsay Sheron [("Sheron")], has been representing himself as a Schwaab sales representative to businesses located in Tennessee." (Decl. ¶ 2.).

In its reply, JPC argues that

> [a]lthough Schwaab has attempted to distance this case from Kentucky by amending its Complaint to add new allegations, Schwaab's new allegations also have no meaningful connection to Wisconsin and do not support Schwaab's overriding argument that the Eastern District is the most convenient forum for this action. Schwaab acknowledges in its Brief that none of the conduct at issue in this case occurred in Wisconsin and has failed to identify any third party witnesses who are located in Wisconsin. In contrast, most of the relevant events are alleged to have occurred in Kentucky, and all of the non-party witnesses identified by the parties are located in Kentucky. Accordingly, J.P. Cooke respectfully requests an Order transferring this case to the Eastern District of Kentucky.

(Def.'s Reply at 1.)

---

[2] Civil Local Rule 7.4 is now Civil Local Rule 7(h). On February 25, 2010, the defendant filed a brief in opposition to the plaintiff's Rule 7(h) motion. The court will consider Lane's Declaration in deciding the instant motion to transfer venue.

4

## II. DISCUSSION

"For the convenience of parties and witnesses, in the interest of justice, a [] court may transfer any civil action to any other district or division where it might have been brought." 28 USCS § 1404(a). There is a presumption in favor of a plaintiff's chosen forum. *Banta Corp. v. Hunter Publ'g Ltd. P'ship*, 915 F. Supp. 80, 84 (E.D. Wis. 1995); *see also In re Nat'l Presto Indust. Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). However, "while a plaintiff's choice of forum is an important consideration in determining whether a motion to transfer should be granted, it is not absolute and will not defeat a well-founded motion to transfer." *Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 775 (N.D. Ill. 1998). Whether to transfer an action is a decision within the court's discretion. *Banta Corp.,* 915 F. Supp. at 84.

"In general, the movant under § 1404(a) has the burden of establishing that the suit should be transferred. To meet this burden the movants are required to prove that the proposed transferee district is a district in which plaintiff's claim could have been brought originally. Movants must also prove that the balance of interest weighs strongly in favor of proceeding in the proposed transferee district." *Heller Fin., Inc. v. Nutra Food, Inc.*, 655 F. Supp. 1432, 1433 (N.D. Ill. 1987). Stated another way, "[u]nder § 1404(a), the burden is upon the moving party to show that the transferee forum is 'clearly more convenient.'" *Fondrie v. Casino Res. Corp.*, 903 F. Supp. 21, 23 (E.D. Wis. 1995) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)); *see also Broadnax v. ABF Freight Sys., Inc.*, 169 F.R.D. 628, 629 (N.D. Ill. 1996). To meet this burden, the movant must establish that "(1) venue is proper in the transferor district; (2) venue is proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses and

will promote the interest of justice." *Beesley v. Int'l Paper Co.*, No. 06-cv-703-DRH, 2007 U.S. Dist. LEXIS 62534, at *5 (S.D. Ill. August 24, 2007).

In evaluating whether transfer should be made for the convenience of the parties and witnesses, the court should consider a number of factors: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *See Harris v. Illinois*, No. 09 CV 3071, 2010 U.S. Dist. LEXIS 2314, at *7 (N.D. Ill. January 12, 2010) (citing *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999)).

In determining whether transfer will serve the interests of justice, a court analyzes "traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." *TIG Ins. Co. v. Brightly Galvanized Prods., Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996). Relevant factors to consider in making this determination include the following: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in their locale; and (4) the relation of the community to the occurrence at issue. *See Symons Corp. v. S. Forming & Supply, Inc.*, 954 F. Supp. 184, 187 (N.D. Ill. 1997).

The defendant does not dispute that venue is proper in the Eastern District of Wisconsin. And the plaintiff does not dispute that venue is also proper in the Eastern District of Kentucky. Thus, whether this suit will be transferred to the Eastern District of Kentucky depends upon whether the movant has demonstrated that venue in such district is clearly more convenient for the parties and witnesses and is otherwise more consistent with the interests of justice.

Although a plaintiff's choice of forum is generally entitled to substantial deference, particularly where the chosen forum is the plaintiff's home forum, the "plaintiff's choice of forum has reduced value where the forum lacks any significant contact with the underlying cause of action."

6

*Hotel Constructors, Inc. v. Seagrave Corp.*, 543 F. Supp. 1048, 1050 (N.D. Ill. 1982) (citing *Cunningham v. Cunningham*, 477 F. Supp. 632, 634 (N.D. Ill. 1979)); *see also Oriska Ins. Co. v Power P.E.O., Inc*, 317 F. Supp. 2d 161, 165 (N.D.N.Y. 2004) ("The location of the operative events is a primary factor in determining a § 1404(a) motion to transfer."). In such a case, "it becomes just one of the many factors to be viewed by the Court when making its determination of convenience." *Harris*, 2010 U.S. Dist. LEXIS 2314, at *8.

Here, it would appear that most (if not all) of the conduct that Schwaab claims to have caused it damage did not occur in Wisconsin. Instead, it occurred in the states of Nebraska, Kansas, Kentucky, and (according to Lane's Declaration) Tennessee. Assuming that the acts giving rise to Schwaab's damages occurred elsewhere, Schwaab's damages were sustained in this district because Schwaab's principal place of business is located within the Eastern District of Wisconsin. Thus, this is not a case in which the district of filing has absolutely no connection to the matters alleged in the Complaint. However, that Schwaab sustained damages in this district does not change the fact that the situs of the material events underlying its complaint lies elsewhere, which is the important consideration under § 1404(a). Thus, the plaintiff's choice of forum has reduced value and will be considered only as one factor in the transfer of venue determination.

With respect to the convenience of the parties, it is not at all clear that transferring this case to the Eastern District of Kentucky will be more convenient for either party. Schwaab's principal place of business is in Milwaukee, Wisconsin, and JPC's principal place of business is in Omaha, Nebraska. Neither party has its principal place of business anywhere close to Lexington, Kentucky. This suggests that Wisconsin is a much more convenient forum than Kentucky, and therefore, the convenience of the parties factor weighs strongly against transfer.

Turning to the convenience of witnesses factor, JPC argues that the Pickerings, as well as personnel of the Fayette County School District who may have knowledge regarding the alleged activities of the Pickerings, all reside in Kentucky. Indeed, it appears that they probably do. But, Schwaab's allegations are more sweeping than merely asserting the Pickerings to have injured Schwaab by their conduct. Schwaab's allegations involve the claimed improper activities of personnel working for JPC which, as previously noted, has its principal place of business in Nebraska. More particularly, in its Amended Complaint the plaintiff alleges that "[u]pon information and belief, JPC has encouraged or instructed its employees, agents, and representatives to make these and similar false and disparaging statements about Schwaab." (Am. Comp.. ¶ 22.) Schwaab also alleges that certain illegal activities occurred at "ground level" in places other than Kentucky. According to Schwaab, similar events have occurred in Nebraska, Kansas, and Tennessee, likely causing there to be third-party witnesses in those states as well. In the end, the fact that there may be third-party witnesses residing outside of Kentucky, who would have to inevitably travel anyway, negates the initial attractiveness of venue in Kentucky.

Furthermore, the defendant does not address why it cannot obtain the testimony of the Kentucky witnesses through depositions. "[T]he traditional concerns related to ease of access to sources of proof and the cost of obtaining attendance of witnesses have been diminished by technological advances." *Trouve Enterprises v. Newell Rubbermaid Inc.*, 3:07-cv-0601-bbc, 2008 U.S. Dist. LEXIS 7827, at *6 (W.D. Wis. February 1, 2008) (citing *Milwaukee Elec. Tool Corp. v. Black & Decker (N.A.) Inc.*, 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005)). Given that such technological advances lessen geographical concerns, and that other third-party witnesses are likely connected to this case, the convenience of the witnesses factor does not weigh in favor of transfer.

Schwaab claims that Kurt Fahey ("Fahey"), in Kansas, and Sheron, in Tennessee, both JPC representatives, each made false representations concerning their affiliation with Schwaab. Surely, it will not be significantly more inconvenient for Fahey or Sheron to travel to Kentucky for trial than it would be for them to travel to Wisconsin for trial.[3] While the location of employee witnesses is not an important factor in a transfer analysis, *see Adams v. Newell Rubbermaid Inc.*, 07-C-313-S, 2007 U.S. Dist. LEXIS 62512, at *6-7 (W.D. Wis. Aug. 21, 2007), it remains noteworthy that transferring the case to Kentucky would make it significantly more inconvenient for Schwaab employees who work here in Milwaukee (including Doug Lane, Diane Jensen, Sara Wagner, and Bill Yentz) to testify at trial, while it would have little, if any, effect on the above named JPC representatives or on personnel at JPC's headquarters in Nebraska.

But what about the interests of justice? As previously stated, in determining whether transfer will serve the interests of justice, relevant factors may include the following: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in their locale; and (4) the relation of the community to the occurrence at issue. *See Symons Corp.*, 954 F. Supp. at 187.

As to the first factor, neither party has advanced any reason to believe that resolution of the plaintiff's claims will be reached any quicker in Kentucky that it will be in Wisconsin.

As to the second factor, JPC argues that Kentucky law will be applied with respect to the state law claims asserted by Schwaab and that therefore a Kentucky court should hear the case. But, it is not at all clear whether Kentucky law will be applied to the state law claims. After all, the plaintiff alleges that JPC may have orchestrated in Nebraska the activities engaged in by various individuals.

---

[3] The court recognizes that Tennessee borders Kentucky. But, the fact remains that, even if the case were transferred to Lexington, Kentucky, Sheron will still have to travel out of state to testify at trial.

9

Case 2:09-cv-01179-WEC   Filed 02/26/10   Page 9 of 12   Document 31

And only the Pickerings were in Kentucky. At least two other individuals (Fahey and Sheron) are alleged to have engaged in activities similar to those engaged in by the Pickerings, and they are alleged to have done so in Kansas and Tennessee, respectively. Thus, this particular factor does not weigh in favor of transferring the case to Kentucky.

As for the desirability of resolving controversies in their locale, this factor weighs as much in favor of Wisconsin as it does in favor of any other locale. To reiterate, Schwaab (the allegedly damaged plaintiff) is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. Thus, this particular locale is affected by this controversy as much as any other single locale mentioned in this suit, be it Omaha, Nebraska; Lexington, Kentucky; or Kansas City, Kansas.

In my opinion, the final factor—the relation of the community to the occurrence at issue—is a wash, if it is relevant at all. To be sure, the Fayette County School District seems to be intimately related to the events leading up to the filing of this lawsuit. But, the same might said for the entities (regardless of whether they are public or private entities) with whom Fahey dealt in Kansas City and with whom Sheron dealt in Tennessee. And certainly the communities of Omaha, Nebraska and Milwaukee, Wisconsin, could be impacted (no matter how slightly) by the outcome of the case.

In any event, "[v]enue should not be transferred solely to shift the convenience from the plaintiff to the defendant." *Fondrie v. Casino Res. Corp.*, 903 F. Supp. 21, 23 (E.D. Wis. 1995) (citing *N. Shore Gas Co. v. Salomon, Inc.*, 896 F. Supp. 786 (N.D. Ill. 1995)). According to the Seventh Circuit, "[w]hen plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff . . . ." *In re Nat'l Presto Indust. Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). Regardless of the venue in this case, trial is going to be inconvenient for many witnesses. The very scope of the allegations virtually

10

guarantees that to be the case. Because no choice of forum will avoid imposing inconvenience, all inconveniences being roughly comparable, there is not a sufficient basis upon which to grant the relief requested by JPC.

In the end, "[u]nder § 1404(a), the burden is upon the moving party to show that the transferee forum is 'clearly more convenient.'" *Fondrie,* 903 F. Supp. at 23 (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)). JPC has not persuaded this court that transfer of the case to the Eastern District of Kentucky would be clearly more convenient.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to transfer venue be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's Rule 7(h) motion be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the court will conduct a Rule 16 conference at **9:15 a.m.** on **Monday, March 29, 2010**, in Courtroom 253, U.S. Courthouse, 517 East Wisconsin Avenue, Milwaukee, WI 53202.

Each party shall follow the procedures set forth in Rule 26 of the Federal Rules of Civil Procedure. In order to assist the court in conducting the Rule 16 conference, your Rule 26(f) report, which is to be filed with the court no later than **March 19, 2010**, should contain the following additional information:

1. A brief description of the nature of the case, including a statement regarding the basis of subject matter jurisdiction.

2. Whether the parties contemplate amending the pleadings by joining parties or for other reasons.

3. Any motions which are contemplated at this time.

4. The estimated length of trial and whether a jury is requested.

5. Such other matters as may affect the scheduling of this case for final disposition.

Because this case has been designated for electronic filing, documents must be submitted in Portable Document Format (PDF) and shall be filed electronically using the Court's internet-based Electronic Case Files (ECF) system. Registered users may file documents directly into ECF. Please see the Court's web site at wied.uscourts.gov for more information on electronic case filing.

If you are located more than fifty miles from the courthouse, and wish to participate telephonically, please contact Chrissy Stanton at 414-297-1835 at least one week prior to the scheduling conference with a telephone number where you can be reached at the above-scheduled time. The court will initiate the call.

**SO ORDERED** this 26th day of February 2010 at Milwaukee, Wisconsin.

**BY THE COURT**:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge